UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

| | |
|---|---|
| JONATHAN DAVILA, GEORGE PUGACHEV, and DAMIEN DELON,<br><br>Plaintiffs,<br><br>-against-<br><br>THE CITY OF NEW YORK, P.O. MICHAEL GIALLANZA, P.O. "JANE DOE" and "P.O. JOHN DOE" 1-10.<br><br>1 'through' 10 inclusive, the names of the last Defendants being fictitious, the true names of the Defendants being unknown to the Plaintiffs(s),<br><br>Defendants. | **ANSWER TO COMPLAINT BY DEFENDANTS CITY OF NEW YORK AND GIALLANZA**<br><br>19 Civ. 7109 (WFK)(ST)<br><br>**Jury Trial Demanded** |

------------------------------------------------------------------------ x

Defendants City of New York and Michael Giallanza, by their attorney James E. Johnson, Corporation Counsel of the City of New York, for their Answer to the Complaint, respectfully allege as follows:

1. Deny the allegations set forth in Paragraph "1" of the Complaint, except admit that Plaintiff purports to invoke the jurisdiction of the Court as stated therein.

2. Deny the allegations set forth in Paragraph "2" of the Complaint, except admit that Plaintiff purports to invoke the jurisdiction of the Court as stated therein

3. Deny the allegations set forth in Paragraph "3" of the Complaint, except admit that Plaintiff purports to invoke the supplemental jurisdiction of the Court as stated therein.

4. Paragraph "4" of the Complaint is an incomplete statement to which no response is required.

5. Deny the allegations set forth in Paragraph "5" of the Complaint, except admit that Plaintiff purports to proceed as stated therein.

6. Deny the allegations set forth in Paragraph "6" of the Complaint, except admit that Plaintiff purports to proceed as stated therein.

7. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "7" of the Complaint.

8. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "8" of the Complaint.

9. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "9" of the Complaint.

10. Deny the allegations set forth in Paragraph "10" of the Complaint insofar as it contains averments of fact, except deny knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to any Jane or John Doe police officers and admit that Defendant Giallanza was a member of the New York City Police Department (hereinafter, "NYPD") on August 23, 2019, and that Plaintiff purports to sue them as stated therein; insofar as it contains conclusions of law, no response is required.

11. Deny the allegations set forth in Paragraph "11" of the Complaint insofar as it contains averments of fact, except admit that on August 23, 2019, Defendant Giallanza was employed by the City of New York as a member of NYPD and held the rank of Police Officer, and that Plaintiff purports to sue Defendant Giallanza as stated therein; insofar as it contains conclusions of law, no response is required.

12. Deny the allegations set forth in Paragraph "12" of the Complaint except admit that New York City is a municipal corporation duly organized and exiting under the laws

of the State of New York and that on August 23, 2019, Defendant Giallanza was employed by the City of New York as a member of NYPD.

13. Paragraph "13" of the Complaint contains conclusions of law rather than allegations of facts, and therefore no response is required.

14. Deny the allegations set forth in Paragraph "14" of the Complaint, except admit that on August 23, 2019, at 53rd Street in Brooklyn, New York, Plaintiff Davila was driving a 2016 Nissan Altima and that Plaintiffs Pugachev and DeLeon were passengers inside said vehicle.

15. Deny the allegations set forth in Paragraph "15" of the Complaint, except admit that on August 23, 2019, Defendant Giallanza observed a 2016 Nissan Altima without its headlights on and failing to signal, and that Defendant Giallanza thereafter was involved in a traffic stop of said vehicle.

16. Deny the allegations set forth in Paragraph "16" of the Complaint, except admit that on August 23, 2019, Plaintiffs were handcuffed, that Defendant Giallanza was the assigned arresting officer of Plaintiffs, and that, upon information and believe, on that date Plaintiff Pugachev was younger than 18 years old.

17. Deny the allegations set forth in Paragraph "17" of the Complaint, except admit that on August 23, 2019, NYPD members transported the 2016 Nissan Altima in which Plaintiffs were driving to the 72nd Precinct.

18. Deny the allegations set forth in Paragraph "18" of the Complaint, except admit that on August 23, 2019, Plaintiffs were transported to the 72nd Precinct in NYPD vehicles.

19. Deny the allegations set forth in Paragraph "19" of the Complaint, except admit that on August 23 and 24, 2019, the arrests of Plaintiffs were processed at the 72nd Precinct.

20. Deny the allegations set forth in Paragraph "20" of the Complaint, except admit that on August 24, 2019, Plaintiffs were transported to Brooklyn Central Booking.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "21"of the Complaint, except admit that on August 24, 2019, the District Attorney's Office declined to prosecute Plaintiffs Pugachev and DeLeon and that on August 25, 2019, Plaintiffs Pugachev and DeLeon were released from police custody.

22. Deny the allegations set forth in Paragraph "22" of the Complaint, except admit that on August 25, 2019, Plaintiff Davila was arraigned in Criminal Court and released on his own recognizance.

23. Deny the allegations set forth in Paragraph "23" of the Complaint, except admit that on August 25, 2019, pursuant to Criminal Court complaint under Kings County Docket No. CR-031597-19KN, the District Attorney's Office charged Plaintiff Davila with operating a vehicle without signal lights in violation of New York Vehicle and Traffic Law ("VTL") § 376(1)(A)(I) and unsafe turn/ failure to signal, in violation of VTL § 1163(A)(I).

24. Deny the allegations set forth in Paragraph "24" of the Complaint, except admit that on October 4, 2019, the proceedings under Kings County Docket No. CR-031597-19KN was Adjourned in Contemplation of Dismissal.

25. Deny the allegations set forth in Paragraph "25" of the Complaint, except admit that Defendant Giallanza was the assigned arresting officer of Plaintiffs and that on August 24, 2019, a 2016 Nissan Altima registered to Plaintiff DeLeon was vouchered.

26. Deny knowledge of information sufficient to form a belief as to the allegations contained in Paragraph "26" of the Complaint.

27. Deny the allegations set forth in Paragraph "27" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to any Jane or John Doe police officers.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "28" of the Complaint.

29. Deny the allegations set forth in Paragraph "29" of the Complaint, except admit that on August 23, 2019, Plaintiffs violated New York Penal Law § 221.05 with respect to marijuana found inside the 2016 Nissan Altima occupied by Plaintiffs and that Plaintiff Davila violated the VTL with respect to failing to activate headlights and turn signal while driving the vehicle.

30. Deny the allegations set forth in Paragraph "30" of the Complaint.

31. Deny the allegations set forth in Paragraph "31" of the Complaint.

32. Deny the allegations set forth in Paragraph "32" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

33. Deny the allegations set forth in Paragraph "33" of the Complaint.

34. Deny the allegations set forth in Paragraph "34" of the Complaint.

35. Deny the allegations set forth in Paragraph "35" of the Complaint insofar as it contains averments of fact; and state that there are no factual allegations to support a claim of excessive force, insofar as it contains conclusions of law, no response is required.

36. Deny the allegations set forth in Paragraph "36" of the Complaint.

37. Deny the allegations set forth in Paragraph "37" of the Complaint, except admit that on December 19, 2019, Plaintiffs commenced this action.

38. In response to the allegations set forth in Paragraph "38" of the Complaint, Defendants repeat the responses set forth in the preceding Paragraphs of this pleading, as if fully set forth herein.

39. Deny the allegations set forth in Paragraph "39" of the Complaint insofar as it contains averments of fact; and state that there are no factual allegations to support a claim of excessive force, insofar as it contains conclusions of law, no response is required.

40. Deny the allegations set forth in Paragraph "40" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

41. Deny the allegations set forth in Paragraph "41" of the Complaint, and its subparts.

42. Deny the allegations set forth in Paragraph "42" of the Complaint.

43. In response to the allegations set forth in Paragraph "43" of the Complaint, Defendants repeat the responses set forth in the preceding Paragraphs of this pleading, as if fully set forth herein.

44. Paragraph "44" of the Complaint contains conclusions of law rather than allegations of facts, and therefore no response is required.

45. Deny the allegations set forth in Paragraph "45" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to any Jane or John Doe police officers.

46. Deny the allegations set forth in Paragraph "46" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations as

they pertain to any Jane or John Doe police officers and state that there are no factual allegations to support a claim of excessive force.

47. Deny the allegations set forth in Paragraph "47" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to any Jane or John Doe police officers.

48. Deny the allegations set forth in Paragraph "48" of the Complaint.

49. Deny the allegations set forth in Paragraph "49" of the Complaint, and respectfully refer the Court to the report and newspaper article cited therein for a full recitation of their contents.

50. Paragraph "50" of the Complaint does not include factual allegations to which a response is required and respectfully refer the Court to the newspaper article cited therein for a full recitation of its contents.

51. Deny the allegations set forth in Paragraph "51" of the Complaint, and respectfully refer the Court to the case law cited therein for a full recitation of its contents.

52. Deny the allegations set forth in Paragraph "52" of the Complaint, and respectfully refer the Court to the reports cited therein for a full recitation of their contents.

53. Paragraph "53" of the Complaint does not include factual allegations to which a response is required, and respectfully refer the Court to the newspaper articles cited therein for a full recitation of their contents.

54. Deny the allegations set forth in Paragraph "54" of the Complaint.

55. Deny the allegations set forth in Paragraph "55" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

56. Deny the allegations set forth in Paragraph "56" of the Complaint, and respectfully refer the Court to the case law cited therein for a full recitation of its contents.

57. Deny the allegations set forth in Paragraph "57" of the Complaint.

58. Deny the allegations set forth in Paragraph "58" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

59. Deny the allegations set forth in Paragraph "59" of the Complaint, and its subparts.

60. Deny the allegations set forth in Paragraph "60" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

**FIRST AFFIRMATIVE DEFENSE:**

61. The Complaint fails to state a claim upon which relief can be granted because Plaintiffs' arrests were supported by probable cause, Plaintiffs Pugachev and DeLeon were not prosecuted, and Plaintiffs cannot establish municipal liability.

**SECOND AFFIRMATIVE DEFENSE:**

62. As to Plaintiff Davila, the Complaint fails to state a claim for malicious prosecution because the criminal proceeding against him did not terminate in Plaintiff Davila's favor.

**THIRD AFFIRMATIVE DEFENSE:**

63. Defendant City of New York has not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any acts of Congress providing for the protection of civil rights, because there was probable cause for Plaintiffs' arrests on August 23, 2019 based on the observations of VTL and/or New York State Penal Law violations.

**FOURTH AFFIRMATIVE DEFENSE:**

64. Any claim of excessive use of force is not supported by the factual allegations to support a claim of excessive force and any force involved in Plaintiffs' arrest was not excessive and was limited to what would be reasonable to take them into custody on August 23, 2019.

**FIFTH AFFIRMATIVE DEFENSE:**

65. Any injuries alleged to have been sustained resulted from Plaintiffs' own culpable or negligent conduct, and/or the conduct of third parties, and was not the proximate result of any act of Defendants.

**SIXTH AFFIRMATIVE DEFENSE:**

66. At all times relevant to the acts alleged in the Complaint, the duties and functions of Defendant City of New York's officials entailed the reasonable exercise of proper and lawful discretion, because Plaintiffs violated sections of the New York Penal Law, and Plaintiff Davila violated sections of the VTL. Therefore, the City of New York is entitled to governmental immunity from liability under state law.

**SEVENTH AFFIRMATIVE DEFENSE:**

67. At all times relevant to the acts alleged in the Complaint, Defendant Giallanza acted reasonably in the proper and lawful exercise of his discretion, as it was reasonable to belief that Plaintiff Davila could be arrested for violating sections of the VTL which independently gave rise to probable cause to arrest him, and that all Plaintiffs could be arrested for violating the sections of the New York Penal Law which gave rise to probable cause to arrest them.

### EIGHTH AFFIRMATIVE DEFENSE:

68. At all times relevant to the acts alleged in the Complaint, Defendant Giallanza had probable cause to arrest Plaintiffs for violating the New York Penal Law, and Plaintiff Davila for violating the VTL, because Defendant Giallanza had reason to believe that on August 23, 2019, Plaintiff Davila was operating a motor vehicle in violation of the VTL and that the Plaintiffs possessed marijuana in violation of sections of the New York Penal Law.

### NINTH AFFIRMATIVE DEFENSE:

69. Defendant Giallanza has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, is protected by qualified immunity because Defendant Giallanza reasonably believed that on August 23, 2019, that probable cause existed to seize Plaintiff Davila on suspicion of violating sections of the VTL, and all Plaintiffs on suspicion of violating sections of the New York Penal Law.

### TENTH AFFIRMATIVE DEFENSE:

70. At all times relevant to the acts alleged in the Complaint, Plaintiffs' arrests and detentions were lawful under the circumstances because probable cause existed to seize Plaintiffs on suspicion of violating sections of the New York Penal Law and/or the VTL.

### ELEVENTH AFFIRMATIVE DEFENSE:

71. To the extent Plaintiffs assert state law claims, they may be barred by his failure to comply with the conditions precedent to suit under New York General Municipal Law § 50-e because Plaintiffs did not timely serve a notice of claim with respect to any state law claims.

**TWELFTH AFFIRMATIVE DEFENSE:**

72. To the extent Plaintiffs assert state law claims, they may be barred by his failure to comply with the conditions precedent to suit under the New York General Municipal Law because Plaintiffs have not fully complied with the pleading requirements of General Municipal Law § 50-i.

**THIRTEENTH AFFIRMATIVE DEFENSE:**

73. Punitive damages cannot be assessed against the City of New York because such damages are assessments over and above the amount necessary to compensate Plaintiffs.

**FOURTEENTH AFFIRMATIVE DEFENSE:**

74. Punitive damages cannot be assessed against Defendant Giallanza in his official capacity pursuant to 42 U.S.C. § 1983.

**WHEREFORE,** Defendants City of New York and Michael Giallanza request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
March 31, 2020

> JAMES E. JOHNSON
> Corporation Counsel of the City of New York
> *Attorney for Defendants City of New York and Giallanza*
> 100 Church Street
> New York, New York 10007
> (212) 356-5051
>
> By:
>
> *Corey S. Shoock* /s
> Corey S. Shoock
> *Senior Counsel*
> Special Federal Litigation Division

To: Paul Hale, Esq (via ECF)
*Attorney for Plaintiff*
26 Court Street, Suite 913
Brooklyn, New York 11242

19 Civ. 7109 (WFK)(ST)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JONATHAN DAVILA, GEORGE PUGACHEV, and DAMIEN DELEON,

                                                                    Plaintiffs,

-against-

THE CITY OF NEW YORK, P.O. MICHAEL GIALLANZA, P.O. "JANE DOE" and "P.O. JOHN DOE" 1-10.

1 'through' 10 inclusive, the names of the last Defendants being fictitious, the true names of the Defendants being unknown to the Plaintiffs(s),

                                                                    Defendants.

## ANSWER TO COMPLAINT
## BY DEFENDANTS CITY OF NEW YORK AND GIALLANZA

### JAMES E. JOHNSON
Corporation Counsel of the City of New York
*Attorney for Defendants City of New York and Giallanza*
100 Church Street
New York, New York 10007

Of Counsel: Corey S. Shoock
Tel: (212) 356-5051

*Due and timely service is hereby admitted.*

*New York, N.Y.  ............................................................., 2020*

*......................................................................................Esq.*

*Attorney for ...............................................................................*